Let's take up the next case, which is Lautenschlaeger v. Tiemann Please proceed with the argument with the appellant Thank you. May it please the court. My name is Blake Minders. I represent the appellant's fellow, Mark and Cheryl Blackenschlaeger, against Marcella Tiemann This case revolves around whether it was proper for the trial court to grant a motion to dismiss and a motion for summary judgment Some of the factual background of this case is an original complaint was filed for declaratory judgment and injunctive relief The trial court ruled in favor of the defendant on that, stating that there's two leases in this case, stating that the 2009 lease was superseded by the 2013 lease At that point, plaintiffs then amended their complaint asking for declaratory judgment and added a breach of contract claim Motions were held on motions to dismiss and a motion for summary judgment, which were granted again by the trial court in favor of the defendant We're here today saying that that was improper We're saying that the plaintiffs have an opportunity to have a full hearing or full trial on the merits of this case The only substantial hearing that was held was a hearing on injunctive relief, minimal if any discovery was completed at that point We are simply saying that as far as the declaratory relief, that the plaintiff should be entitled to exact discovery, the plaintiff should be entitled to a full hearing on the merits The plaintiff disagrees that the 2009 lease in this case is superseded by the 2013 lease in this case It's plaintiff's contention that that is a renegotiation of terms regarding price of crops, that the lease is about the farming of farmland However, if the court deems that as defense counsel suggests in his brief, that that becomes the law of the case Then plaintiff's other argument is there is still an opportunity for factual discrepancies and issues of material fact regarding the 2013 lease and its terms In the order granting, the relief defendant sought, the trial court states, in its order, however, the lease does contain confounding written intermediations that do not establish the right to extend their tenancy beyond one year The confounding language in that lease is it is a standard form lease with a fill in the blanks as the 2013 lease There is a section for length of tenure, which does show one year term, but it shows failure to extend the lease at, and then there's an in-pay Months before the end of this current lease should constitute notice of intent to allow the lease to expire However, in the next paragraph, regarding the sums to be paid, 11,100, which represents 47 acres of cropland There is a section that was handwritten in that says the lease should be renewed annually and that there's an automatic renewal It's our contention then that one would have to look at the amendments and alterations section of the Illinois cash farm lease, which determines that there needs to be a mutual agreement by the parties Counsel, let me ask you, the court, in making this finding that the 2013 lease superseded the 2009 lease, this was after evidentiary hearing for injunctive relief? Yes And at that evidentiary hearing, what evidence did the court consider in making this finding? I think you referenced there was testimony as well as probably the leases being admitted Yes, there was testimony from plaintiffs, there was testimony from defendants, and there was testimony regarding whether the signatures were an original signature or a forged signature from an FBI handwriting analysis The court, I believe, and I may be paraphrasing here, but the court, I believe, didn't address those specific factual points The court just seemed to say that the 2013 lease superseded the 2009 lease, and therefore we're looking at the terms of the 2013 lease The court intended that 2009 lease to continue and the only terms that were changed as of the 2013 lease were the price. The 2009 lease had a section for one-third of the crops, the 2013 lease has a cash payment So is it your contention that the 2009 lease could never be terminated? It's by agreement of the parties Well, I mean, it does say it's a lifetime lease, but then it says, under the length of term, this lease is for the lifetime But it says this lease shall automatically renew from year to year The parties agree to renegotiate the terms of the lease in the sixth month of the lease I mean, they can't agree? The owners of the land are stuck with this for whose life? Well, and that's another ambiguity And also, isn't it standard practice in a farm lease that there's a notice date that if it's not terminated by a certain date, it automatically renews from year to year? And couldn't that be all they're saying here anyway? Well, I believe that's accurate And there was a notice given, but it was not signed by the parties, it was signed by a child or grandchild, I believe, of the defendants I'm just trying to figure out what we're fighting over here, you know? I mean, if it can be terminated anyway Well, I would say it could be terminated, but it would have to be terminated on a mutual agreement of the parties No, that's what I'm saying. I mean, you're saying it can't be terminated by the landowner Correct And I'm also saying that that would be evidence in the 2013 lease as well, if the court determines that that does in fact supersede the 2009 lease But I think these are all issues of material facts that need to be fleshed out through discovery, need to be fleshed out through a full hearing on the merits In this case, I believe the ambiguities in the contract, both contracts, raise factual issues that should be further explored Not only through discovery, but by the trial court in a full hearing or a full trial on the merits All right. Counsel, thank you. We'll take this case under advisement and issue a written ruling We're going to take a recess before we go to the 10 o'clock call. Court admitted